IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY<br>One American Row<br>Hartford, Connecticut 06102-5056, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| -vs- | : | |
| MAUREEN A. BUCK<br>213 Edgewater Circle<br>Chapel Hill, North Carolina 27516, | : | |
| Defendant. | : | MAY 30, 2013 |

## COMPLAINT

Plaintiff, PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and by way of its Complaint (the "Complaint") against Defendant, Maureen A. Buck ("Buck") hereby states as follows:

### INTRODUCTORY STATEMENT

1.     PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the state of Connecticut.

2.     Upon information and belief, Buck is a citizen of the state of North Carolina.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a), as this is the judicial district in which a substantial part of the events giving rise to the subject claim

- 2 -

occurred and in which the parties have contractually agreed to litigate any, action, suit or proceeding.

## FIRST COUNT

4. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5. On or about September 12, 2007, Buck entered into a Broker Agreement (the "2007 Agreement") with PHL. A true and exact copy of the 2007 Agreement is attached hereto as Exhibit A.

6. The Agreement provides for, among other things, compensation to Buck in connection with the sale by Buck of insurance and annuity products issued by PHL. See, e.g., Agreement, Article III.

7. In addition, the Agreement provides that PHL has the right to amend and modify the Agreement, including Schedule 3.1 (the Compensation Schedule), by providing written notice to the Brokerage General Agent of such amendment or modification. See Agreement, Page 12, Section 10.4. Entire Agreement; Modification.

8. On or about February 13, 2008, PHL amended the Agreement (the "Amendment"). A true and exact copy of the Amendment is attached hereto as Exhibit B.

9. The Brokerage General Agent, to wit: GFI, was provided with written notice of the February 2008 Amendment.

10. On or about November 11, 2008, Buck entered into a Broker Agreement (the "2008 Agreement") with PHL. A true and exact copy of the 2008 Agreement is attached hereto as Exhibit C.

11.	The 2008 Agreement provides for, among other things, compensation to Buck in connection with the sale by Buck of insurance and annuity products issued by PHL. See, e.g., Article III in each agreement.

12.	Both the Amendment and the 2008 Agreement require that if Buck is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider and the policy is subsequently surrendered, Buck shall repay to PHL the lesser of: 100% of the total compensation paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See Amendment, Compensation Schedule 3.1, Footnote (d); see also 2008 Agreement, Section 3.5 and Compensation Schedule 3.1.1, Footnote (d).

13.	PHL paid Buck commissions for the sale of certain life insurance policies ## XXXX0164, XXXX0463 and XXXX0546, which were enhanced with Alternate Surrender Value Riders (the "Policies"), in the total sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23).

14.	The Policies were subsequently surrendered by the respective policyholder, and the amount of compensation paid to Buck in connection with the sale of each was less than the cash surrender value enhancement due to the Alternate Surrender Value Riders.

15.	As a result of the surrenders, Buck was required to repay to PHL the commission paid to her on the sale of the Policies in the sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23).

16.	PHL has demanded payment of said sum from Buck, but Buck has failed and refused to pay any portion of said sum.

17.	As the result of the aforesaid, there is due and owing to PHL from Buck, the sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23), with interest thereon, no part of which has been paid, although payment thereof has been duly demanded.

## SECOND COUNT

18.     PHL repeats and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19.     As a consequence of the surrender of the Policies, Buck was obligated to return the commissions paid to her.

20.     Buck has been unjustly enriched by her retention of the aforesaid sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23), to which she is not entitled.

21.     PHL has been damaged by said unjust enrichment of Buck.

## THIRD COUNT

22.     PHL repeats and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23.     Buck, being indebted to PHL in the sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23), together with interest, upon an account stated between them, has failed to pay to PHL said sum upon demand.  Payment has been demanded, but it has not been made. A true and exact copy of the account statement is attached hereto as Exhibit D.

WHEREFORE, PHL demands judgment against Buck as follows:

1. In the sum of Four Hundred Sixteen Thousand Five Hundred Sixty-Four and 23/100 Dollars ($416,564.23), with interest accrued and accruing;

2. For counsel fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

PLAINTIFF PHL VARIABLE LIFE INSURANCE COMPANY

By:_____
W. Glen Pierson (Federal Bar. No. ct16936)
LOUGHLIN FITZGERALD, P.C.
150 South Main Street
Wallingford, CT 06492
Tel.: (203) 265-2035
Fax: (203) 269-3487
E-mail: gpierson@lflaw.com

*Of Counsel*:   Eliott R. Good, Esq.
Van R. Shirey, Esq.
CHORPENNING, GOOD & PANDORA CO., LPA
605 South Front Street, Suite 210
Columbus, OH 43215
Tel.: (614) 469-1301
Fax: (614) 469-0122
E-mail: ergood@chorgood.com; vrs@chorgood.com

Its Attorneys